## Azen v. Lampenfield

*Jerome M. Libenson*, for plaintiff.
*Thomas Smith*, for defendants.
*Robert S. Whitehill*, for city.

WETTICK, *J.*, February 25, 1981—This is a personal injury action arising out of a February 16, 1980 fire at 5716 Howe Street in which two persons died. Plaintiff has scheduled the deposition of City of Pittsburgh officials and in connection with this deposition has served a subpoena on these officials to produce all records, notes and memoranda concerning this fire. The Bureau of Fire Prevention of the City of Pittsburgh has conducted an investigation of this fire and the City of Pittsburgh refuses to produce its investigative file. Presently before this court is a motion by plaintiff in which defendants join to compel the City of Pittsburgh to produce this file.

Under Pa.R.C.P. 4007.1, a party may take the deposition of any person upon oral examination and

may serve the person to be examined with a subpoena duces tecum to produce designated materials. Under Pa.R.C.P. 4003.1, discovery may extend to any matter, not protected, which is relevant to the subject matter of the pending action. In the present case, a critical issue is the cause of the fire. The city's investigative file is relevant to this issue and is thus subject to discovery unless specifically protected from discovery by statute, common law or rule.

It is the city's position that the information which the parties seek is privileged and therefore protected by Pa.R.C.P. 4011(c) which bars discovery that relates to any matter that is privileged. In support of this position, the city raises two arguments.

First, the city contends that the privilege is found in the Right to Know Act of June 21, 1957, P.L. 390, 65 P.S. §66.1 et seq., which provides that every public record of a municipality shall at reasonable times be open for examination and inspection by any citizen of the Commonwealth. The city relies on section 1(2) of this act which excludes from the definition of "public record" any reports "which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties." But the fact that the legislature does not require the city to make information available to the general public does not indicate that the legislature intended to bar the use of such information in court proceedings. Traditionally, public officials have been required to make relevant public information available to the litigants in court proceedings. On the other hand, traditionally it has been left to public officials to determine what public informaion shall be available to the members of the general public. Thus legislation

designed to curb the unbridled discretion of the public official to exclude public information from the general public should not be construed to bar the disclosure of public information in judicial proceedings. The only purpose of the right to know legislation is to make more information available to the public. The question of whether information should be protected in court proceedings involves entirely different policy considerations that the legislature did not consider in enacting this right to know legislation. For this reason, we reject the city's position that the right to know legislation is the basis of any privilege.

Second, the city argues that this information should be privileged as a matter of public policy because the revelation of an internal investigation will hamper future investigations, deter witnesses from coming forward, compromise the investigation itself and otherwise compromise the valid purposes for which investigations are conducted.[1] In support of this position, the city relies on Hovis v. Pryor, 7 D. & C. 3d 196 (1978). In this case plaintiff applied for the position of patrol officer for a borough. As part of the application process, the civil service commission of the borough obtained a letter from plaintiff's former employer. Subsequently, plaintiff instituted a defamation action against his former employer and through discovery sought to obtain the letter submitted to the civil service commission. The court, at 199, upheld the civil service commission's refusal to provide this letter,

_____

1. No criminal proceedings have been instituted in connection with this fire and none are anticipated according to the city.

holding that it was privileged under Pa.R.C.P. 4011(c):

"There does not appear to be any authority permitting the discovery or requiring the disclosure of investigatory information. Given the public policy arguments for according confidentiality for such reports and the specific exemptions of investigation materials, found in both State and Federal statutes, we find that Pryor's letter providing background investigation of Hovis is privileged so as to preclude discovery under Pa.R.C.P. 4011(c)."

While this court acknowledges that Hovis v. Pryor appears to support the city's position, we nevertheless reject the city's contention that its investigative files are protected from discovery under Pa.R.C.P. 4011(c). Although the city bases its claim that its investigative files are protected solely on the ground that they are privileged, it cites no constitutional, statutory or common law privilege which protects these records and Pa.R.C.P. 4011(c) should not be construed to protect information solely because a court may believe that the public policy considerations in favor of protection outweigh the benefits to be gained from disclosure.

The term "privilege" as used in the discovery rules refers only to a privilege based on constitutional or statutory provisions or existing common law: 10 Goodrich-Amram 2d § 4011(c): 1; Sperath v. Thomas, 48 D. & C. 2d 309 (1969); Tannenbaum v. May Department Stores Company, 65 D. & C. 2d 700 (1974); Firschein v. Lafayette College, 7 D. & C. 3d 243 (1978). And since the city's investigative files are not protected by an existing privilege, Pa.R.C.P. 4011(c) is inapplicable. The

public policy considerations which the city raises should be addressed to the legislature; there is no power in the courts to create a new privilege in the absence of constitutional or legislative provisions compelling such a result.

This very issue was considered by Honorable Robert A. Doyle of this court in Tannenbaum v. May Department Stores Company, supra. The court in this case rejected a bank's claim that bank records relating to accounts with customers are privileged and thus protected from discovery under Pa.R.C.P. 4011(c) in the absence of customer consent, at p. 702:

"Courts have no inherent power to specially, or generally, invest witnesses with any privilege to refuse to testify, nor to create privileges in the field of law relating to evidence and witnesses. Power to prescribe rules of evidence and, per extenso, rules creating privileges not to testify, was specifically denied to Pennsylvania courts by the Constitutional Convention of 1967-68 during the debate on the Judiciary Article, Resolution No. 1000, Con. Con. 1968."

Also see Firschein v. Lafayette College, supra, which considered a former professor's motion to produce evaluation letters of teaching personnel. The college contended that this information was privileged because persons invited to furnish such letters are assured of confidentiality and that unless such letters remain confidential, they will become worthless statements, thereby destroying the process of evaluation. The court found no basis for the college's claim of privilege, holding that there was no statutory or common law privilege and that the

power to create a new privilege rests solely in the legislature.

This court's position is also supported by case law requiring a governmental body that is a party to a lawsuit to produce investigative files prepared in the ordinary course of business. See, e.g., Bass v. Philadelphia, 10 D. & C. 3d 5 (1978); Reese v. City of Pittsburgh, 1 D. & C. 3d 704 (1976); Tataren v. Little, 2 D. & C. 3d 651 (1977); Leto v. City of Philadelphia, 19 D. & C. 2d 53 (1959). While we recognize that these cases can be distinguished on the ground that discovery is being sought against a party to a lawsuit, they are relevant for the proposition that there is no existing privilege protecting investigative reports of a governmental body from discovery.

This court's holding that a governmental body's investigative reports are not privileged will not produce the dire consequences which the city predicts. If, in fact, the city can show that production of an investigative file will substantially interfere with its abilities to perform its governmental functions, discovery will be denied under Pa.R.C.P. 4011(b) which bars any discovery that "would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party." But discovery will not be barred under Rule 4011(b) merely on the basis of a general claim that production of the investigative file will unreasonably interfere with the city's efforts to conduct other investigations or will cause unreasonable annoyance, embarrassment, and burden to persons who cooperated with the city. If the city wishes to invoke the protections of Rule 4011(b), it must offer specific information showing that a discovery order

would unreasonably annoy, embarrass, or burden either the city or any other person.[2]

For these reasons, we enter the following

## ORDER

On this February 25, 1981, it is hereby ordered that the City of Pittsburgh shall produce at a deposition of an appropriate city official any investigative file concerning the February 16, 1980 fire at 5716 Howe Street, Pittsburgh, Pa. This order is entered without prejudice to the city to seek a protective order under Pa.R.C.P. 4011(b).

---

2. It is possible that there exists in judicial proceedings a common law "executive privilege" in a municipality barring disclosure of information that would be contrary to the public interest. See, e.g., the opinion in Marks's Appeal, 121 Pa. Superior Ct. 181, 183 Atl. 432 (1936), which, in protecting a city health department's records from production at trial on the grounds that they were inadmissible under the hearsay rule, contains language indicating that a department head may refuse to produce records in judicial proceedings if production would be injurious to the public welfare. But if such a privilege exists, its exercise is subject to court review and this privilege "should be viewed cautiously by the judiciary . . ." in light of the policy that discovery of relevant information shall only rarely be suppressed: Reese v. City of Pittsburgh, supra, at 708-12. Consequently, the protections from discovery afforded by any such privilege are encompassed within and would not be broader than Rule 4011(b)'s protections barring any discovery that would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to any person or party. Thus so long as the discovery rules contain Rule 4011(b)'s protections from discovery, the courts need not consider whether in the absence of statute there exists in a municipal official any protections from disclosure of public information under the loosely defined rubric of "executive privilege."